PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2241 (Rev. 10/10)
ADOPTED BY THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

CLERK U.S. DISTRICT COURT
NORTHERN DIST. OF TX
LUBBOCK DIVISION

2022 MAR 31   AM 7: 58

DEPUTY CLERK␣␣␣␣␣␣

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

## PETITION FOR WRIT OF HABEAS CORPUS
## UNDER 28 U.S.C. § 2241

| | |
|---|---|
| Salifu Jallow | Giles W. Dalby C.F. |
| **PETITIONER** | **CURRENT PLACE OF CONFINEMENT** |
| (Full name of Petitioner) | |
| | |
| vs. | 71627-019 |
| | **PRISONER ID NUMBER** |
| | **5-22CV0055-H** |
| Rachel Chapa | |
| **RESPONDENT** | **CASE NUMBER** |
| (Name of TDCJ Director, Warden, Jailor, or | (Supplied by the District Court Clerk) |
| authorized person having custody of Petitioner) | |

## INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten, and signed and dated by the Petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except that ONE separate additional page is permitted in answering question 10.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show

1

that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.    Only one sentence, conviction, disciplinary proceeding, or parole matter may be challenged in a single petition. If you challenge more than one, you must do so by separate petition(s).

6.    Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices.

7.    It is your responsibility to immediately notify the court in writing of any change of address. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**PLEASE COMPLETE THE FOLLOWING:**  (check the appropriate number)

This petition concerns:

1. _____    pretrial detention;
2. _____    a conviction;
3. _____    a sentence;
4. _____    jail or prison conditions;
5. _X_____    a prison disciplinary proceeding;
6. _____    parole or mandatory supervision;
7. _X_____    time credits;
8. _____    other (specify): _____

**Have you pursued to completion all relevant state and/or prison administrative remedies relevant to your complaint(s) before filing this petition.** ☒ **Yes** ☒ **No   If yes, what was the date of the result and the result of any such proceeding. If no, explain why you have not pursued all such remedies.** The issue of eligibility for time credits is a statutory question of

law which Respondent is unable to answer.

_____

_____

_____

2

1. Place of detention:  Giles W. Dalby Correctional Facility, 805 North Avenue F Post, Texas 79356-9304

2. State the offense with which you have been charged and whether you have been convicted of the charged offense(s) or whether you are still awaiting trial:  Conspiracy to Commit Money Laundering, 18 U.S.C. § 1956(H)

3. Name and location of court in which your case is pending or in which you were convicted:  Eastern District of North Carolina, Hon. Judge Boyle

4. The criminal docket or case number and the offense(s) for which you have been charged or convicted:  5:15-CR-0334-5BO

5. If you have been convicted of the charged offense(s), the date upon which sentence was imposed and the length of the sentence:  36 months and 3 years supervised release

6. Check whether a finding of guilty was made:

   a. after a plea of guilty        X

   b. after a plea of not guilty    _____

   c. after a plea of nolo contendere   _____

7. If you were found guilty, check whether that finding was made by:

   a. a jury        N/A

   b. a judge without a jury   N/A

8. Did you appeal from the judgment of conviction or the imposition of sentence?

   ☐ Yes        ☒ No

3

9.    If you did appeal, give the following information for each appeal:

      a. (1) Name of court and docket or case number:

                N/A

      (2) Result and date of result:     N/A

      (3) Grounds raised (list each):

          (a)         N/A

          (b)

          (c)

          (d)

      b. (1) Name of court and docket or case number:

                N/A

      (2) Result and date of result:     N/A

      (3) Grounds raised (list each):

          (a)         N/A

          (b)         N/A

          (c)         N/A

(d)_____N/A_____

_____

10. State concisely every ground on which you claim that you are held unlawfully. Summarize briefly the facts supporting each ground. If necessary, attach a single page only behind page 6.

**CAUTION:** If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date. You must state facts, not conclusions, in support of your grounds. Do not argue or cite law. Just state the specific facts that support your claim. Legal arguments and citation to cases or law should be presented in a separate memorandum.

a. **GROUND ONE:**
    Petitioner was deprived of statutory good-time credits when his

disciplinary hearing was conducted and sanctions imposed by a non-BOP

staff in violation to Plaintiff's  procedural due process rights.

Supporting facts: Petitioner's disciplinary hearing was conducted by an non-
BOP staff and sanctions imposed before the pro forma approval from the
BOP. "Staff" is clearly defined in 28 C.F.R. § 500.1(b), as a "BOP
employee or UNICOR." A DHO for a privately-owned corporation is not "staff"
under the Regulations. The BOP impermissibly delegated its authority to
discipline inmates to a privately-owned corporation in violation of both
18 U.S.C. § 4042 and 28 C.F.R. § 0.97. While § 0.97 authorized the Director
of the BOP to redelegate to any of his subordinates any of the authority
functions or duties vested in him, such redelegation is limited to employees
of the Department of Justice. The Attorney General has no authority over the
day to day operation of a private prison. Under the reasoning of Kisor v
Wilkie, 139 S.Ct. 2400 (2019) the BOP's interpretation is incorrect.

_____

b. **GROUND TWO:**
 Petitioner's inherent right to present "documentary evidence" within the

Due Process requirements of Wolff v McDonnell, 418 U.S. 539, 563-67 (1974)

and PS 5270.09, 28 C.F.R. § 541.7(e) was reduce to sham.

Supporting facts: Dalby operates a reward system where staff is rewarded for
issuing incident reports that result in loss of good time credit which
necessarily extends an inmate time in prison and in turn increase corporate
profits in conjunction with the fact Petitioner knew there was no contraband
in his property he requested that the "CATV" footage to be reviewed. The DHO
refused to review the evidence thereby violating Petitioner's procedural due
process rights. Prison officials may not arbitrarily refuse to consider

potentially exculpatoby evidence simply because other evidence in their mind suggest guilt. See Piggie v McBride, 277 F.3d 922 (7th Cir. 2002); Howard v FBOP, 487 F.3d 808 (10th Cir. 2007) and Lennear v Wilson, 937 F.3d 257 (4th Cir. 2019).

c. **GROUND THREE**: Deprivation of Time Credits in violation of the First Step Act of 2018.

Supporting facts: Respondent has taken the position that because Petitioner is an alien and currently has an unresolved detainer he's statutorily ineligible to earn time credits for participation in evidence based recidivism programs ob productive activities. See Respondent Memorandum. **(Ex. A)** This is contrary to the statute as the First Step Act of 2018 while precluding certain categories of criminal conviction makes clear that only aliens who are "subject to a final order of removal" are ineligible meaning that all avenues for appeal of said order has been exhausted.

d. **GROUND FOUR**:

Supporting facts:

11.    Relief sought in this petition:    Restoration of Good Time Credits and a Declaration

that the BOP's interpretation of the First Step Act of 2018 is flawed.

_____

12.    Have you filed a previous application or petition for habeas corpus or any other application,
petition or motion with respect to the grounds raised in this petition?

☐ Yes        ☒ No

13.    If your answer to Question No. 12 is yes, give the following information as to each previous
application, petition, or motion:

   a. (1) Name of court and docket or case number:____N/A_____

   _____

   (2) Result and date of result:_____N/A_____

   (3) Grounds raised (list each):

      (a)_____N/A_____

      _____

      (b)_____N/A_____

      _____

      (c)_____N/A_____

      _____

      (d)_____N/A_____

      _____

   b. (1) Name of court and docket or case number:____N/A_____

   _____

   (2) Result and date of result:_____N/A_____

   (3) Grounds raised (list each):

      (a) _____N/A_____

      _____

(b) _____ N/A _____

_____

(c) _____ N/A _____

_____

(d) _____ N/A _____

_____

14.    If applicable, state whether you have filed a motion under 28 U.S.C. § 2255, and if you filed such
       a motion and it was denied, state why your remedy by way of such motion is inadequate or
       ineffective to test the legality of your detention.
       _____ Not Applicable _____

_____

_____

_____

_____

_____

_____

15.    Are you presently represented by counsel?          ☐ Yes          ☒ No
       If so, name, address and telephone number of attorney:_____ N/A _____

_____

16.    If you are seeking leave to proceed *in forma pauperis*, have you completed an application setting
       forth required information?          ☐ Yes          ☒ No

Wherefore, Petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on _____March 28, 2022_____ (month, day, year).

Executed (signed) on __March 28, 2022_____ (date).

_____

Signature of Petitioner (required)

Petitioner's current address:

___Giles W. Dalby C.F._____

___805 North Avenue F_____

___Post, Texas 79356_____

_____



**Giles W. Dalby**
**Correctional Facility**

# MEMO

**TO:**       **Staff and Inmate Population**

**FROM:**   **R. Chapa, Senior Warden**

**SUBJECT:**   **First Step Act Information**

**DATE:**     **01-24-2022**

In January of 2022 the Bureau will begin awarding Federal Time Credit (FTC) under the provisions of the First Step Act (FSA) of 2018. You are ineligible for these credits if you have a detainer with Immigration and Customs Enforcement (ICE). If you do not have a detainer and you are eligible for this credit your computation will be updated to reflect your new release date and method of release as First Step Act Release. If ICE lodges a detainer after you are awarded this credit your computation will revert back to your original release date without the credit.

*En espanol:*

*En enero de 2022, la Oficina comenzará a otorgar crédito federal de tiempo (FTC) según las disposiciones de la Ley de primer paso (FSA) de 2018. No es elegible para estos créditos si tiene una orden de detención con el Servicio de Inmigración y Control de Aduanas (ICE). Si no tiene una orden de detención y es elegible para este crédito, su cómputo se actualizará para reflejar su nueva fecha de liberación y método de liberación como Liberación de acto de primer paso. Si ICE presenta una orden de detención después de que se le otorgue este crédito, su cálculo volverá a su fecha de liberación original sin el crédito.*

**U.S. Department of Justice**

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: _Jallow, Salifu_ _____ _71627-019_ ____ _D8_ _____ _Dalby_ ____
        LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.        UNIT          INSTITUTION

**Part A - REASON FOR APPEAL**

The decision of the Administrator in Appeal # 1094642-R1 cannot be sustained. The Administrator opines that PS 5270.09 applies to all inmates in the custody of the BOP and the terms of the contract requires strict adherence to the contract with final decision making authority left to the BOP. Here, under the facts relevant herein strict adherence to the policy was not followed: (1) no investigation was conducted as evidence by the record; (2) PS 5270.09, 28 C.F.R. § 541.5(b)(2) provides in pertinent part: "It would also ve prudent for the investigator to review and preserve the video or audio surveillance even if the inmate does not make a specific request as such evidence is relevant to the incident." Id. Somewhat surprising is that the Administrator determined that Appellant made the statement that he admitted the charges, yet at the same time noted: "The DHO took into consideration that you did not make a statement . . . ." Apparently the two things cannot be true. While it is true that the disciplinary process applies to persons in contract facilities it is indisputable that the term "staff" is defined as a BOP or Unicor employee. Congress did not extend this to private actors. Authorizing private actors to impose sanctions violates the Accardi doctrine. The BOP's interpretation in this regards is owed no deference under Chevron as recently explained by the Supreme Court in Kisor v Wilkie, 139 S.Ct. 2400 (2019). Based on the above, the Administrator's decisioo must be vacted. Appellant adopts and incorporate his BP-230 as if rewritten herein.

_11/01/21_ _____                    _Salifu Jallow_ _____
        DATE                                              SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

NOV 16 2021

Administrative Remedy Section
Federal Bureau of Prisons

_11/01/21_ _____
        DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: _1094642_ _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____ _____ _____ _____
            LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.        UNIT          INSTITUTION

SUBJECT: _____

_____        ⊛                _____
        DATE                              SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

PRINTED ON RECYCLED PAPER

BP-231(13)
JUNE 2002

UPN LVN

```
SALIFU JALLOW, 71627-019
DALBY CI      UNT: BLDG D      QTR: D08-008U
805 NORTH AVENUE F
POST,  TX 79356
```

**Administrative Remedy No. 1094642-A1**
**Part B - Response**

You appeal the June 1, 2021, Discipline Hearing Officer's (DHO) decision regarding incident report #3501121, wherein you were found to have committed the prohibited acts of Possessing a Hazardous Tool (Portable telephone, Pager, or Other Electronic Device), Code 108. You assert the DHO at Giles W. Dalby Correctional Facility (CF) does not have the administrative authority to impose sanctions. You also contend it would have been prudent for the investigator to review and preserve the video or audio surveillance, even if the inmate does not make a specific request as such evidence is relevant to the incident. For relief, you request the DHO's decision be vacated.

Our review of the disciplinary proceedings indicates compliance with Program Statement 5270.09, CN-, Inmate Discipline Program, and we concur with the response provided by the Administrator, Privatization Branch (PBM). The DHO's decision was based upon the evidence detailed in Section V of the DHO report. We find the determination of the DHO is reasonable and supported by the evidence. Your Due Process rights were upheld during the discipline process. The sanctions imposed were commensurate to the severity level of the offense committed and in compliance with policy.

A review of the response to your Administrative Remedy from the PMB reveals each issue you raised was adequately addressed. The contract requirements between Giles W. Dalby CF and the Bureau of Prisons (BOP) requires the DHO to complete training, acquire or maintain inmate disciplinary certification within two years following their official DHO training and every two years thereafter. You are advised that the DHO at a contract facility is required to forward the DHO report and all documentation relied upon for DHO actions involving disallowance or forfeiture of good conduct time (GCT) to the BOP for certification prior to the imposition of sanction(s). Contrary to your contentions, your DHO report was reviewed and certified by the BOP DHO Oversight Specialist, PMB.

The record reflects you never requested to have video footage reviewed during any stage of the disciplinary process. You had the opportunity to make this request during the investigation of the incident report, at your UDC and DHO hearing.

Accordingly, your appeal is denied.

_____2\14\22_____                    _____
Date                                     Ian Connors, Administrator
                                         National Inmate Appeals    R.4

Salifu Jallow, # 71627-019
Giles W. Dalby Correctional Facility
805 North Avenue F
Post, Texas 79356-9304

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRIC. OF TEXAS
MAR 31 2022





Clerk, U.S. District Court
Northern District of Texas
1205 Texas Avenue, RM 209
Lubbock, Texas 79401

7021 0350 0000 1498 5595





U.S. POSTAGE PAID
FCM LETTER
POST, TX
79356
MAR 29 22
AMOUNT
$0.00
79401
R2305M146180-05
1000



